IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | CONSOLIDATED UNDER MDL DOCKET NO. 01-875 |
| BARBARA MANN, *Personal Representative of the Estate of Richard Nybeck*, | |
| *Plaintiff,* | CIVIL ACTION |
| v. | NO. 17-4428 |
| A.O. SMITH CORP., *et al.*, | |
| *Defendants.* | |

Goldberg, J.                                                                                         May 14, 2021

## MEMORANDUM OPINION

Richard Nybeck originally filed this personal injury action against multiple defendants, asserting claims for alleged harmful, occupational exposure to asbestos and his development of lung cancer. After Nybeck's unfortunate passing in June 2020, Barbara Mann, as the personal representative of Nybeck's estate, ("Plaintiff") was substituted as Plaintiff. The allegations against Defendant, Rockwell Automation, Inc., as successor by merger to The Allen-Bradley Co. (hereinafter, "Allen Bradley") stem from Nybeck's employment as an HVAC mechanic at the Philadelphia International Airport.

Presently before me is Allen Bradley's Motion for Summary Judgment on all claims.[1] For the reasons set forth below, I will grant the Motion.

---

[1] Plaintiff's claims against Allen Bradley are for negligence (Count One), strict liability (Count Two), and breach of warranty (Count Four).

1

## I. STATEMENT OF FACTS

Unless otherwise indicated, the facts presented below are undisputed.[2]

Between 1993 and 2003, Nybeck worked as an HVAC mechanic at the Philadelphia International Airport. (Def.'s SOF ¶ 3, ECF No. 295.) In this position, he worked with Allen Bradley electrical motors and starters, which were mounted to phenolic board. (Id. ¶¶ 5, 6.) Nybeck did not know who manufactured or supplied the phenolic boards. (Id. ¶ 7.) Nybeck worked with Allen Bradley's contractors a couple of times each week and starters at least once a week. (Pl.'s Mem. of Law at 3, ECF No. 314.)

He did not associate asbestos with the contractors or starters and did not believe that Allen Bradley's contractors or starters contained asbestos. (Def.'s SOF ¶ 9.) Rather, at his deposition, Nybeck testified that based on an article that he read in an unidentified HVAC trade magazine, he believed that the phenolic boards may have contained asbestos. (Id. ¶ 11.) Nybeck could not recall the name of the magazine or article or when he read it. (Id.)

Nybeck was diagnosed with lung cancer in November 2016 and passed away on June 17, 2020. (ECF No. 331.)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" if there is a sufficient evidentiary basis on

---

[2] Allen Bradley's Statement of Facts (ECF No. 295) will be cited as "Def.'s SOF." While Plaintiff responded to Allen Bradley's SOF, Plaintiff provided no cites to the record. (ECF No. 314 at 1–2.) Since Plaintiff did not file a supplemental statement of facts, I will only consider the facts set forth in her brief that have proper citations to the record. See Fed. R. Civ. P. 56(c)(1)(A); Malik v. Hannah, 799 F. Supp. 2d 355, 358 (D.N.J. 2011) (A party's expression of general disagreement "without identifying the facts disputed and without [citing] to evidence in the record that raises an issue of fact regarding that point, is insufficient to survive summary judgment.").

2

which a reasonable factfinder could return a verdict for the non-moving party, and a factual dispute is "material" if it might affect the outcome of the case under governing law. Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the non-moving party. Galena v. Leone, 638 F.3d 186, 196 (3d Cir. 2011). However, "unsupported assertions, conclusory allegations or mere suspicions" are insufficient to overcome a motion for summary judgment. Schaar v. Lehigh Valley Health Servs., Inc., 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing Williams v. Borough of W. Chester, Pa., 891 F.2d 458, 461 (3d Cir. 1989)).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met by showing that the non-moving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." Id. at 322.

After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A).

## III. DISCUSSION

Allen Bradley seeks summary judgment on Plaintiff's claims of negligence, strict liability, and breach of warranty. Allen Bradley contends that Plaintiff's evidence fails to establish that Nybeck was exposed to Allen Bradley's products allegedly containing asbestos, let alone with the necessary regularity, frequency, or proximity to create an issue of fact. Plaintiff responds that it sufficiently proffered product identification and causation evidence to survive summary judgment.

The parties agree that Pennsylvania law applies. "In the simplest terms, an asbestos plaintiff must establish that use of a defendant's product exposed the plaintiff to airborne asbestos fibers and that this exposure occurred with sufficient frequency, regularity, and proximity such that a fact-finder may infer that the plaintiff's exposure was a substantial factor in causing h[im] harm." Brandt v. Bon-Ton Stores Inc., No. 940-EDA-2019, 2020 WL 865276, at *4 (Pa. Super. Feb. 21, 2020) (citing Rost v. Ford Motor Co., 151 A.3d 1032, 105–53 (Pa. 2016); Gregg v. V-J Auto Parts, Co., 943 A.2d 216, 225–26 (Pa. 2007)). "[A] plaintiff must present evidence to show that he inhaled asbestos fibers shed by the specific manufacturer's product." Krauss v. Trane U.S. Inc., 104 A.3d 556, 563 (Pa. Super. 2014).

The mere fact that a particular asbestos product came into a facility does not establish that an individual "ever breathed these specific asbestos products or that he worked where these asbestos products were delivered." Eckenrod v. GAF Corp., 544 A.2d 50, 53 (Pa. Super. 1988). An "'every exposure' to asbestos, generalized opinion does 'not suffice to create a jury question in a case where exposure to the defendant's product is *de minimis*. . . .'" Rost, 151 A.3d at 1043 (citations omitted). Rather, "to permit trial courts to make a reasoned determination at the summary judgment stage as to whether the plaintiff has proffered sufficient evidence to permit a jury to make the necessary inference of a sufficient causal connection between the defendant's

4

product and the asserted injury," the "frequency, regularity, and proximity" test was adopted. Id. Under this test, trial courts are to evaluate and "distinguish[] cases in which the plaintiff can adduce evidence that there is a sufficiently significant likelihood that the defendant's product caused his harm, from those in which such likelihood is absent on account of only casual or minimal exposure to the defendant's product." Id. (citing Tragarz v. Keene Corp., 980 F.2d 411 (7th Cir. 1992)).

Determining the sufficiency of product identification evidence requires a fact sensitive approach. Gregg, 943 A.2d at 227. Moreover, "the plaintiff's exposure to each defendant's product should be independently evaluated when determining if such exposure was a substantial factor in causing the plaintiff's injury." Tragarz, 980 F.2d at 425 (discussed by the Gregg court in setting out the product identification criteria in Pennsylvania).

Here, Plaintiff's evidence includes the fact that while working as an HVAC mechanic at the Philadelphia Airport between 1993 and 2003, Nybeck worked with Allen Bradley electrical motors and starters on a weekly basis. (Def.'s SOF ¶¶ 3, 5–6; Pl.'s Mem. of Law at 3.) Plaintiff also points to evidence that these electrical motors and starters were mounted to phenolic board. (Def.'s SOF ¶¶ 5–6.)

However, the record is devoid of admissible evidence to establish that Nybeck was exposed to any asbestos-ridden Allen Bradley product with the necessary proximity, regularity, and frequency required by Pennsylvania law. In an attempt to establish that asbestos was within the Allen Bradey phenolic boards to which Nybeck was exposed and that this exposure was a substantial factor in his development of lung cancer, Plaintiff points to Nybeck's prior deposition testimony, various records, and reports by two expert witnesses. None of this evidence creates a genuine issue of material fact for purposes of a Rule 56 review.

First, in his deposition, Nybeck testified that he believed that the phenolic boards contained asbestos based on a trade magazine. But Nybeck could not remember the title or the date when he read the magazine. Proffering an unidentified, undated trade magazine to prove that the Allen Bradley phenolic boards to which Nybeck was exposed at the Philadelphia Airport between 1993 and 2003 contained asbestos is inadmissible hearsay, which does not create a genuine issue of fact to overcome summary judgment. Fed. R. Evid. 801(c) and 802; see also Lawler v. Richardson, No 10-196, 2012 WL 2362383, at *2 (E.D. Pa. June 20, 2012) (magazine and "[n]ewspaper articles are generally considered hearsay, and may only be used during trial in exceptional circumstances."); Faulman v. Sec. Mut. Fin. Life Ins. Co., 353 F. App'x 699, 704 (3d Cir. 2009) (affirming the district court's refusal to admit a magazine article into evidence as such was "hearsay, irrelevant, or unduly prejudicial.").[3]

"[A] motion for summary judgment cannot be supported or defeated by statements that include inadmissible hearsay evidence." Samarin v. GAF Corp., 571 A.2d 398, 403 (Pa. Super. 1989); Hampshire v. Philadelphia Hous. Admin., No 17-4423, 2019 WL 652481, at *7 (E.D. Pa. Feb. 14, 2019) (noting that inadmissible hearsay "cannot be considered to defeat defendants' motion for summary judgment"); see also Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). As an unidentified, undated magazine article fails to present the necessary trustworthiness to fall into a hearsay exception, it does not present an issue of fact warranting denial of Allen Bradley's Motion for Summary Judgment.

---

[3] Hearsay is "a statement that the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is generally not admissible except as provided by certain exceptions. United States v. Casoni, 950 F.2d 893, 903 (3d Cir. 1991).

Next, Plaintiff cites to a myriad of other documents in an attempt to create a genuine issue of fact as to Nybeck's exposure to Allen Bradley asbestos-ridden products. These documents include excerpts from Allen Bradley's discovery responses in unrelated state court proceedings, Plaintiff's counsel's letters in unrelated state court proceedings, publications by the National Safety Council, discovery responses by entities other than Allen Bradley in unrelated lawsuits, and internal documentation by entities other than Allen Bradley. Even when viewed together, these documents do not present a genuine issue of fact regarding the particular Allen Bradley products to which Nybeck was in contact between 1993 and 2003 at the Philadelphia Airport, let alone whether asbestos was contained within those products.[4] While I must draw all reasonable inferences in favor of Plaintiff, "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment." Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014) (citation omitted). This evidence also fails to show that Nybeck was ever exposed to Allen Bradley asbestos-ridden products.

Finally, Plaintiff presents the expert opinions of two medical liability and causation experts, Arthur Frank, M.D., and Jonathan Gelfand, M.D., in an attempt to establish that Allen Bradley's products were a substantial factor in causing Nybeck's lung cancer.[5] Dr. Frank provides a general background of Nybeck's employment history, including Nybeck's work at the

---

[4] For instance, Plaintiff's Exhibit D contains a Pennsylvania state court ruling and Plaintiff's counsel's letter to the court. (ECF No. 314-4.) The lawsuit referenced therein involved a different plaintiff and was filed against Ford Motor Company. (Id.) Plaintiff's Exhibit I contains excerpts from General Electric Company's discovery responses in a 2007 Pennsylvania state court action and Westinghouse Electric Corporation's discovery responses in a 1990 Texas state court action. (ECF No. 314-9.) Exhibit J is a two-page document, entitled a "Safe Practice Data Sheet A-20," which generally describes asbestos and the risks associated with it. (ECF No. 314-10.)

[5] Both Drs. Frank and Gelfand indicate that Nybeck began working at the Philadelphia Airport in 1989, rather than 1993, as stated by the parties. For purposes of this motion, the discrepancy about when Nybeck began working is immaterial.

Philadelphia Airport. (Frank Rep. at 1–2, ECF No. 295, Ex. C.)[6] Dr. Frank then concludes that Nybeck's "cumulative exposures that he had to asbestos, from any and all products, containing any and all fiber types, would have contributed to his developing [lung cancer and asbestosis]." (Id. at 2.) Dr. Gelfand also lists Nybeck's prior employment history. (Gelfand Report at 1–2, ECF No. 295, Ex. D.) When discussing Nybeck's work as an HVAC instructor at the Philadelphia Technical Institute and subsequent work at the Philadelphia Airport, Dr. Gelfand offers that "[t]here is no certainty about exposure to asbestos at those places." (Id. at 2.) Dr. Gelfand further states that "Nybeck has a history of exposure to asbestos beginning in the 1950s and continuing into the 1970s." (Id. at 3.) Dr. Gelfand opines that "the combination of asbestos exposure . . . has been a substantial contributing factor to Mr. Nybeck's lung cancer." (Id.)

Upon careful review of both expert reports, neither mentions Allen Bradley products nor contends that Nybeck was exposed to any asbestos-ridden products while at the Philadelphia Airport between 1993 (or 1989) and 2003. Because the factual record outside of these expert reports fails to establish Nybeck's proximity to any asbestos-containing Allen Bradley product while at the Philadelphia Airport, an expert witness could not establish the factual basis to support this claim. Olivar v. Buffalo Pumps, Inc., No. 09-62577, 2011 WL 13254695, at *8 (E.D. Pa. Mar. 29, 2011) (granting summary judgment for defendant product manufacturer, in part, because plaintiff's expert testimony, standing alone, was insufficient to establish factual support for plaintiff's exposure to defendant's products); Conroy v. A.W. Chesterton Co., No. 11-05457, 2012 WL 5458119, at *1 n.1 (E.D. Pa. Oct. 26, 2012) (granting summary judgment because there was

---

[6] Plaintiff also attaches assorted pages from separate affidavit of Dr. Frank, dated December 20, 2016. (ECF No. 314-5). In this report, Dr. Frank provides a background on his credentials and opines on the general history of asbestos and the health hazards associated with it. Plaintiff has provided only six of the 216-page affidavit. In any event, this affidavit does not mention Nybeck nor Allen Bradley products. Therefore, this document is not relevant for purposes of the present motion.

no evidence from anyone with personal knowledge about whether plaintiff worked with or around defendant's products and noting that plaintiff's expert's testimony on this topic was "impermissibly speculative"); Cardaro v. Aerojet Gen. Corp., No. 11-00876, 2012 WL 3536243, at *1 n.1 (E.D. Pa. July 27, 2012) (same).

In sum, I conclude that no reasonable jury could determine that Nybeck was exposed to Allen Bradley asbestos-ridden products such that they were a substantial factor in his development of lung cancer. Therefore, summary judgment in favor of Allen Bradley is warranted.

## IV. CONCLUSION

For the reasons set forth above, Allen Bradley's motion for summary judgment will be granted. An appropriate Order follows.